**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSEPH GLEN STRAWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-00503-JD |
| | ) | |
| FNU RAINEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Chris M. Stephens. [Doc. No. 85]. Plaintiff Joseph Glen Strawn ("Plaintiff") filed objections and supplemental objections to the R. & R. [Doc. Nos. 86, 87].[1] For the reasons outlined below, the Court accepts the R. & R.

Plaintiff, a state prisoner proceeding pro se, filed an Amended Complaint under 42 U.S.C. § 1983 alleging civil rights violations while he was incarcerated at the Lawton Correctional and Rehabilitation Facility ("LCRF") in Lawton, Oklahoma. [Doc. No. 20]. The Court referred this case to Judge Stephens under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. After Judge Stephens conducted an initial review of Plaintiff's Amended Complaint, he ordered prison officials to file a Special Report (also known as a *Martinez* report) and ordered Defendants to file an answer or dispositive motion. [Doc. No. 28 at

[1] Plaintiff does not present authority that demonstrates to the Court that he is allowed to file multiple sets of objections to the R. & R. However, since Plaintiff timely filed his supplemental objections, the Court will consider them.

3–4].[2] The Oklahoma Department of Corrections filed a Special Report [Doc. No. 46], and Defendants filed a Motion to Dismiss [Doc. No. 47].

The R. & R. analyzed the Motion to Dismiss, along with the documents Judge Stephens construed as Plaintiff's response [Doc. Nos. 54, 61–62, 64–66], and the Special Report [Doc. No. 46]. [*See* Doc. No. 85 at 1, 3 (discussing documents Defendants relied upon from the Special Report)]. The R. & R. recommends that, because Defendants relied upon documents outside the pleadings to support their argument that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), the Court convert Defendants' Motion to Dismiss into a motion for summary judgment. [*Id.* at 3–5]. The R. & R. further recommends that the Court grant Defendants' Motion because Defendants presented evidence that Plaintiff failed to complete the prison's grievance process and accordingly failed to exhaust his administrative remedies. [*Id.* at 17]. Plaintiff did not present any conflicting evidence demonstrating that he did complete the grievance process relating to the allegations in his Amended Complaint. [*Id.*]. Plaintiff did argue that "prison officials hindered his ability to file a grievance"; thus "the onus falls on [him] to show that remedies were unavailable to him." [*Id.* (quoting *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011))]. The R. & R. explained that Plaintiff failed to produce documents supporting his allegations that prison officials prevented him from completing the grievance process. [*Id.* at 18–19]. The R. & R. further noted that adoption of Judge Stephens's recommendation of judgment as a matter of law

[2] The Court uses page numbering from the CM/ECF stamp at the top of the district court docket filing in this order.

being issued to Defendants would moot Plaintiff's request for a preliminary injunction. [*Id.* at 20].

The R. & R. advised Plaintiff of his right to object by September 3, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))]. Plaintiff filed objections and supplementary objections. [Doc. Nos. 86, 87].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). However, when an objection is improper (objections that are not timely or specific), the Court may review the R. & R. under any standard it deems appropriate. *Cisneros v. Gomez*, Case No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991)). The Court will construe Plaintiff's objections liberally because he is proceeding pro se, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, "arguments and claims raised for the first time in an objection to a magistrate

judge's report and recommendation are waived." *Reyes v. Larimer Cnty.*, 796 F. App'x 497, 499 (10th Cir. 2019) (unpublished) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

In both Plaintiff's objections and supplemental objections, Plaintiff submits an affidavit in support of his claim that prison officials impeded Plaintiff's completion of the grievance process. [*See* Doc. No. 86 at 1–2; Doc. No. 87-1 at 1–2]. However, Plaintiff cannot use his objections to the R. & R. to counter Defendants' Motion. As the R. & R. explained, Judge Stephens, in a prior order, advised "the parties that if a Defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and relies on affidavits and/or documents not attached to or incorporated by reference in the Amended Complaint, the Court will likely convert the motion into a motion for summary judgment." [Doc. No. 28 at 4; *see also id.* at 5 & n.2]. Accordingly, Plaintiff had notice that the Court could convert Defendants' Motion into a motion for summary judgment and did not properly counter Defendants' allegations that he failed to exhaust his administrative remedies with proper documentation.

Plaintiff's objections to the R. & R. are not the appropriate vehicle for his affidavits. Such objections are deemed waived. *See Marshall*, 75 F.3d at 1426 ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." (citing cases)); *see also Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (concluding that "by failing to raise the issue in his initial response to the respondent's motion to dismiss, Mr. Cole has waived the argument that the unavailability of his caseworker constituted cause" for his procedural default).

The remainder of Plaintiffs' objections and supplemental objections argue the merits of his deliberate indifference claim regarding his medical care in prison. [*See* Doc. No. 86 at 3–4; Doc. No. 87-1 at 1, 2]. Because the R. & R. did not consider the substance of Plaintiff's claim, those arguments do not adequately state factual or legal error committed by the R. & R. [*See* Doc. No. 85 at 19 n.2].

For the reasons outlined above, the Court ACCEPTS and ADOPTS the R. & R., converts Defendants' Motion to Dismiss [Doc. No. 47] into a motion for summary judgment, and GRANTS Defendants' Motion. A separate judgment shall follow.

Additionally, considering this order, the Court DENIES Plaintiff's Motion for Preliminary Injunction [Doc. No. 27] as moot. [*See* Doc. No. 85 at 20].

IT IS SO ORDERED this 14th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE